SO ORDERED.

SIGNED this 6th day of November, 2018.


UNITED STATES BANKRUPTCY JUDGE



# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| In re:<br>**CHARLES AUGUSTUS PETERSON, SR.,**<br><br>    Debtor. | Chapter 7<br>Case No. 17-10066 |
| **EVAPCO, INC.**, a Maryland corporation;<br>**EVAPTECH, INC.**, a Maryland corporation;<br>**EVAPCO PRODUCTS, INC.**, a Maryland corporation; and<br>**TOWER COMPONENTS, INC.**, a North Carolina corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>**CHARLES AUGUSTUS PETERSON, SR.,**<br><br>    Defendant. | Adv. Pro. No. 17-02031 |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding came before the Court on September 18, 2018, in Greensboro, North Carolina to consider the Motion for Partial Summary Judgment [Doc. #31] (the "Motion for Partial Summary Judgment") filed by Evapco, Inc., EvapTech, Inc., Evapco Products, Inc.,

and Tower Components, Inc. (the "Plaintiffs" or the "Evapco Entities") on June 18, 2018. At the hearing, Joshua Glikin and Chris Towery appeared on behalf of the Plaintiffs and Dirk Siegmund and Chuck Ivey appeared on behalf of Charles Augustus Peterson, Sr. (the "Debtor" or the "Defendant"). After considering the Motion for Partial Summary Judgment, the Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment and accompanying exhibits [Doc. #32-36] (the "Memorandum in Support"), the Supplemental Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment [Doc. #46], the Objection to Plaintiffs' Motion for Partial Summary Judgment [Doc. #51], the Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment [Doc. #52] (the "Memorandum in Opposition"), the Reply Supporting Plaintiffs' Motion for Partial Summary Judgment [Doc. #62-63], the arguments of counsel, and the record in this proceeding, the Court finds that the Motion for Partial Summary Judgment should be granted in part for the reasons which follow.

## BACKGROUND

The Debtor and his wife are North Carolina residents who founded, owned, and operated Tower Components, Inc. ("TCI") in North Carolina from 1990 to 2005. They sold TCI in 2005 to Evapco Products, Inc. ("Evapco Products"). Evapco Products is a wholly owned subsidiary of Evapco, Inc. ("Evapco"), as is EvapTech, Inc. ("EvapTech"), all of which are Maryland companies.

At the time of sale, the Debtor continued to work for TCI and signed a Confidentiality and Intellectual Property Agreement (the "Confidentiality Agreement"). This agreement prohibited the Debtor from using confidential information "in any way" detrimental to the interests of the Evapco Entities. The Confidentiality Agreement also included a non-compete clause and designated Maryland as the forum to adjudicate any disputes.

The Debtor worked for TCI until 2014, when he was fired for conducting business in direct competition with the Evapco Entities by means of two limited liability companies he had formed with his wife, American Cooling Tower Products, LLC ("American Cooling") and Evergreen Composite Technology, LLC ("Evergreen").

In late 2014, the Evapco Entities filed suit in Maryland (the "Maryland Court") for injunctive relief and damages against the Debtor, his wife, American Cooling, and Evergreen (collectively the "Defendants"). The Plaintiffs alleged that the Debtor had, among other things, violated the Confidentiality Agreement, defrauded the Evapco Entities, engaged in activities that violated the North Carolina Deceptive Trade Practices Act (N.C. Gen. Stat. §§ 75-1.1, *et seq*.), misappropriated trade secrets in violation of the North Carolina Trade Secrets Act (N.C. Gen. Stat. §§ 66-152, *et seq*.), and engaged in fraud, aiding and abetting, and breach of contract based on fiduciary duties.

As the litigation and discovery unfolded, the Maryland Court found that the Defendants had engaged in a deliberate and intentional scheme to destroy discoverable evidence. The Maryland Court held a hearing and took evidence on the Defendants' spoliation of discoverable documents. On March 31, 2016, the Maryland Court entered a default judgment against all of the Defendants as a spoliation sanction, reserving only the issues of injunctive relief and damages to be tried.

The evidentiary hearing on damages was held on May 2 through May 4, 2016. Counsel for the Debtor had withdrawn prior to the hearing, and the Debtor appeared *pro se*. Although the Debtor presented no evidence, he participated in the hearing and gave closing remarks. The Plaintiffs' damages expert estimated that unauthorized transactions by the Defendants, along with sales lost by the Evapco Entities, had resulted in about three million dollars in lost profits.

In addition to compensatory damages, the Plaintiffs requested a two year extension of the restrictive covenants and punitive damages. On May 19, 2016[1], the request for injunctive relief was denied, and the Evapco Entities were awarded $2,187,104 in compensatory damages. The Maryland Court found that the Defendants had acted with "actual malice" toward the Plaintiffs and had acted with "evil motive, intent to injure, ill will, and/or fraud." Accordingly, the Maryland Court also awarded the Evapco Entities $993,950 in punitive damages and further found that attorney fees were appropriate under the North Carolina Trade Secrets Act, as the Defendants had willfully and maliciously violated the North Carolina Trade Secrets Act (the May 19, 2016 order awarding damages is hereafter referred to as the "Maryland Judgment").

Of the total award, $1,490,925 represents the award for compensatory and punitive damages for the Defendants' fraud and actual malice against the Evapco Entities. That award is broken down as follows: $231,350 pertains to the Defendants' fraudulent activities with respect to the 2014 Proplant, Inc. cooling tower project (the "Proplant Project"), $265,625 pertains to the Defendants' fraudulent activities with respect to the manufacture and sale of reproductions of two of the Plaintiffs' products via a facility in Huntsville, Texas (the "Texas Activities"), and the balance is the $993,950 in punitive damages.

On January 19, 2017, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.[2] The original deadline for any party to object to the Debtor's discharge or the dischargeability of a particular debt was set at April 28, 2017. Orders were entered extending that deadline to July 27, 2017 [Doc. #90], August 28, 2017 [Doc. #113], and September 30, 2017 [Doc. #150].

---

[1] The May 19, 2016 order was appealed and affirmed in July 2018. No further appeals were filed.
[2] The Debtor's main bankruptcy case number is 17-10066.

On September 29, 2017, the Evapco Entities, filed the instant adversary proceeding against the Debtor. The Plaintiffs' complaint includes four counts: I) an objection to discharge for the making of false oaths or accounts pursuant to 11 U.S.C. § 727(a)(4)(A); II) an objection to discharge for the destruction of and/or failure to preserve recorded information, documents, records, and papers pursuant to 11 U.S.C. § 727(a)(3); III) an objection to discharge for the transfer or concealment of property pursuant to §727(a)(2)(A); and IV) a request for a determination as to the non-dischargeability of that portion of the Maryland Judgment that imposes damages against the Debtor for willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6). On June 18, 2018, the Evapco Entities moved for partial summary judgment on Counts I, II, and IV of their complaint.

## STANDARD OF REVIEW

Pursuant to Rule 56[3] of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7056, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of fact exists when the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and must construe all inferences in their favor; however, the court is bound by factual determinations made in prior actions where collateral estoppel applies. *Anderson*, 477 U.S. at 255; *Ramsey v. Bernstein (In re Bernstein),* 197 B.R. 475, 478

---

[3] The Plaintiffs' Motion for Partial Summary Judgment mistakenly moves for partial summary judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. It is nevertheless clear that the Plaintiffs intended to reference Rule 56, as the proper local rule was cited, Local Rule 7056-1, and "summary judgment" is referenced throughout.

5

(Bankr. D. Md. 1996) (citing *Allen v. McCurry*, 449 U.S. 90, 94-5 (1980)), *aff'd,* 113 F.3d 1231 (4th Cir. 1997).

## DISCUSSION

Presently before the Court is the Plaintiffs' Motion for Partial Summary Judgment as to Counts I, II, and IV of the complaint. Each count will be addressed in turn.

*Count I: Objection to Discharge Pursuant to § 727(a)(4)(A)*

In Count I of the complaint, the Plaintiffs allege that the Defendant made false oaths and accounts on his bankruptcy petition and during his testimony under oath at the 11 U.S.C. § 341 meeting. As a result, the Plaintiffs object to the Defendant's discharge under 11 U.S.C. § 727(a)(4)(A), which provides that a Chapter 7 debtor shall be granted a discharge "unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

There are five elements that a movant must prove in order for the Court to deny a debtor a discharge pursuant to §727(a)(4)(A). They are: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Northen v. Mack (In re Mack)*, No. 07-80496, 2009 Bankr. LEXIS 2937, at *7 (Bankr. M.D.N.C., Sept. 18, 2009).

For the purposes of § 727(a)(4)(A), the question of whether the debtor has made a false oath is generally a question of fact. *In re French*, 499 F.3d 345, 352 (4th Cir. 2007). In addition, "the third and fourth elements . . . are largely matters of credibility and demeanor" for the court to determine when the debtor is testifying at the objection to discharge hearing. *Miller v. Jeffries (In re Jeffries)*, 541 B.R. 317, 326 (Bankr. M.D.N.C. 2015). As such, "resolution of objections to

discharge under 11 U.S.C. § 727 are generally not appropriate at the summary judgment stage due to questions of actual intent." *RES-GA Bay St. Louis, LLC v. Brooks (In re Brooks)*, 548 B.R. 585, 596 (Bankr. S.D. Ga. 2016).

The Defendant has responded with particularities and evidence as to why Plaintiffs' allegations of false oaths and accounts are not true in his Memorandum in Opposition and the accompanying exhibits. Responding to the numerous allegations of the Plaintiffs, the Defendant has contested elements two, three, four, and five of § 727(a)(4)(A). Viewing the evidence in the light most favorable to the Defendant, factual questions remain as to Count I which require the Court to consider evidence, hear testimony, and assess credibility and demeanor, such that summary judgment is not appropriate.

*Count II: Objection to Discharge Pursuant to § 727(a)(3)*

In Count II of the complaint, the Plaintiffs object to the Defendant's discharge under 11 U.S.C. § 727(a)(3). Pursuant to § 727(a)(3), the Court may deny a debtor's discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3).[4]

"Objections to discharge under § 727(a)(3) are not usually decided on summary judgment, as they normally require a fact intensive inquiry regarding the adequacy of the defendant's records," and are decided on a case by case basis. *Butler v. Liu (In re Liu)*, 288 B.R.

---

[4] The pre-petition spoliation of discoverable documents in the Maryland civil case is not a factor to be considered under § 727(a)(3). *See Berger & Assocs. Attorneys, P.C. v. Kran (In re Kran)*, 493 B.R. 398, 404-05 (S.D.N.Y. 2013).

155, 161 (Bankr. N.D. Ga. 2002); *Pu v. Mitsopoulos (In re Mitsopoulos)*, 548 B.R. 620, 629 (Bankr. E.D.N.Y. 2016). The case at hand is no exception.

In the Memorandum in Opposition and the accompanying exhibits, the Defendant has responded with particularities as to why his failure to maintain records was justified under the specific circumstances. Viewing the evidence in the light most favorable to the Defendant, there are genuine disputes of material fact such that summary judgment is not appropriate as to Count II.

*Count IV: Objection to Dischargeability Pursuant to § 523(a)(6)*

In Count IV of the complaint, the Plaintiffs allege that $1,490,925 of the Maryland Judgement, consisting of the $496,975 in compensatory damages awarded for the fraudulent activities in regard to the Proplant Project and the Texas Activities, and the $993,950 in punitive damages awarded, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). Section 523(a)(6) provides that a debt is non-dischargeable if it arises from a willful and malicious injury by the debtor to another entity. The Plaintiffs contend that both elements of § 523(a)(6) are established with respect to the $1,490,925 figure under the doctrine of collateral estoppel.

Collateral estoppel, also referred to as issue preclusion, "precludes re-litigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted had a full and fair opportunity to litigate that issue in an earlier proceeding." *Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 624 (4th Cir. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). The principles of collateral estoppel are applicable in dischargeability proceedings under section 523 of the Bankruptcy Code. *Jordan v. Moore*, No. 09-CV-2882, 2010 U.S. Dist. LEXIS 24305, at *16 (D. Md., Mar. 16, 2010) (citing *Grogan v. Garner*, 498 U.S. 279, 284 (1991)), *aff'd* 407 Fed. Appx. 655 (4th Cir. 2011).

" 'In determining the preclusive effect of a state-court judgment, the federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel.' " *Jordan*, 2010 U.S. Dist. LEXIS 24305, at *16 (quoting *In re McNallen*, 62 F.3d at 624); *Meindl v. Genesys Pac. Techs., Inc. (In re Genesys Data Techs., Inc.)*, 204 F.3d 124, 129 (4th Cir. 2000). As the Maryland Judgment was issued by the Circuit Court of Maryland, the Maryland law of collateral estoppel controls in this matter.

Pursuant to Maryland law, the factors of collateral estoppel are:

(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004).

In response to Count IV, the Defendant argues that the elements of collateral estoppel have not been met with respect to the $1,490,925 figure at issue, because: 1) the Maryland Judgment was not actually litigated; 2) the findings in the Maryland Judgment in regards to the $496,975 award of compensatory damages fail to satisfy the requirements of § 523(a)(6); and 3) the findings in the Maryland Judgment in regards to the $993,950 award of punitive damages fail to satisfy the requirements of § 523(a)(6). The Court will separately assess each argument.

1. Actually Litigated

First, the Defendant contends that the Maryland Judgment was not actually litigated, and as such, collateral estoppel cannot apply. A judgment is actually litigated where "a defendant files an answer or appears in the matter, the issues are considered by a jury or finder of fact, the defendant had notice and an opportunity to argue on its behalf, and the defendant had an incentive to litigate the matter in the prior proceeding and [could] reasonably foresee litigation

9

on the same issue." *Phillip v. Reecher (In re Reecher)*, 514 B.R. 136, 153 (Bankr. D. Md. 2014) (citing *Nestorio v. Assocs. Commercial Corp.* (*In re Nestorio*), 250 B.R. 50, 56 (D. Md. 2000), *aff'd* 5 Fed. Appx. 283 (4th Cir. 2001)).

In this case, the Defendant did in fact file multiple answers. He participated in the litigation by writing letters to court.[5] The issues were heard in the evidentiary hearing on damages and considered by Judge Hughes, acting as a finder of fact. The Defendant had notice of the hearings and appeared at the evidentiary hearing to represent himself, *pro se*. Though the Defendant did not put on any evidence on his behalf at the evidentiary hearing on damages, he participated in the three day hearing and gave closing remarks. The Defendant also had every incentive to litigate the matter, as it was foreseeable that the issues raised could lead to serious, adverse consequences for him.

In spite of these facts, the Defendant contends that the Maryland Judgment was not actually litigated, because his liability was entered by default, as a discovery sanction, and the Maryland Court only held a hearing in the matter in reference to damages. Memorandum in Opposition at 14, & 25. This argument incorrectly identifies the issue at hand. *See Microsoft*, 355 F.3d at 326 (explaining that in order for collateral estoppel to apply, the party must have had a full and fair opportunity to litigate the issue at hand).

The facts in this case are closely analogous to those in *Jordan v. Moore*, No. 09-CV-2882, 2010 U.S. Dist. LEXIS 24305 (D. Md., Mar. 16, 2010). In *Jordan v. Moore*, Jordan was the defendant in a state court action in Maryland. *Id.* at *2. When Moore filed a motion for sanctions against Jordan for failing to respond to discovery requests, the judge entered default judgment against Jordan as to liability on both counts of Moore's complaint and set the matter

---

[5] The Defendant wrote a letter dated April 14, 2016, requesting a trial by jury, and a letter dated April 18, 2016, requesting the Maryland Court vacate the order sealing certain discovery documents.

10

for trial on the issue of damages. *Id.* at *2-3. Ultimately, Moore was awarded both compensatory and punitive damages, and the circuit court made findings of fact as to those damages. *Id.* at *8-9. Jordan appealed the judgment, and the Court of Special Appeals of Maryland affirmed on all counts. *Id.* at *13.

Subsequently, Jordan filed for chapter 7 bankruptcy, and Moore filed an adversary proceeding to determine the non-dischargeability of his judgment against Jordan under § 523(a)(6). *Id.* The bankruptcy court entered summary judgment in favor of Moore. *Id.* at *14. Jordan appealed, claiming that the factors of collateral estoppel were not satisfied, because the judgment against him was not actually litigated. *Id.* at *17. The district court affirmed the bankruptcy court, finding that the issue "was not based on the preclusive effect of the default judgment as to liability, but on the preclusive effect of Judge Smith's determination as to punitive damages." *Id.* at *18. *Jordan v. Moore* was affirmed by the 4th Circuit Court of Appeals. *Jordan v. Moore*, 407 Fed. Appx. 655 (4th Cir. 2011).

Similar to *Jordan v. Moore*, the Plaintiffs' § 523(a)(6) claim is not based on the preclusive effect of the default judgment as to liability, but on the preclusive effect of the Maryland Court's findings, after a three day evidentiary hearing in which the Defendant participated, as to the awarded damages. As such, the Court finds that the Defendant's first argument as to Count IV is without merit and concludes that the Maryland Judgment was actually litigated for collateral estoppel purposes.

2. Compensatory Damages

The Defendant next contends that the wording of the Maryland Judgment as to the $496,975 award of compensatory damages fails to satisfy the willful requirement of § 523(a)(6). Under § 523(a)(6), "willful" and "malicious" are separate elements, each of which must be

11

established by a preponderance of the evidence. *Bernstein,* 197 B.R. at 479 (citing *Grogan v. Garner*, 498 U.S. 279 (1991)). As used in § 523(a)(6), "willful" means deliberate or intentional. *Bernstein,* 197 B.R. at 479 (citing *In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995)). "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that non-dischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). "Malicious" has the meaning that the debtor's action was "wrongfully and without just cause" or "in knowing disregard of the rights of another." *Bernstein,* 197 B.R. at 479 (first quoting *In re McNallen*, 62 F.3d at 626; then quoting *In re Stanley*, 66 F.3d at 667).

The Defendant offers two reasons for his conclusion that the award of compensatory damages fails to satisfy the willful requirement of § 523(a)(6). First, the Defendant argues that portion of the judgment does not use the word "willful," and, thus, the "willful" element of § 523(a)(6) is not fulfilled. While it is true that the word "willful" does not appear in that portion of the judgment, in its findings about the $496,975 award of compensatory damages, the Maryland Court stated that "the evidence presented by the Plaintiffs at the hearing establishes that Defendants' actions were motivated by <u>*actual malice*</u> toward the Plaintiffs, such that the Defendants acted with evil motive, <u>*intent to injure*</u>, ill will, and/or fraud." Maryland Judgment at 4 (emphasis added).

Under Maryland law, "[a]ctual malice is characterized as 'the performance of an act <u>*without legal justification or excuse*</u>, but with an evil or rancorous motive influenced by hate, <u>*the purpose being to deliberately and willfully injure the plaintiff*</u>.' " *Nestorio*, 250 B.R. at 57 (quoting *K & K Mgmt., Inc. v. Lee,* 316 Md. 137, 175 (1989) (emphasis added)), *aff'd* 5 Fed. Appx. 283 (4th Cir. 2001). Thus, the Maryland Court's finding of actual malice, including

12

"intent to injure," satisfies both the willful and malicious elements for § 523(a)(6) purposes. *See Nestorio*, 250 B.R. at 58. As such, the Court finds that the Defendant's first argument fails.

Next, the Defendant contends that the aforementioned findings about the $496,975 award of compensatory damages were only referencing the Texas Activities, for which $265,625 was awarded, and do not extend to the Proplant Project, for which the remaining $231,350 was awarded. This Court disagrees.

A more expansive excerpt from the Maryland Judgment, as quoted above, reads:

> with respect to the Defendants' fraudulent activities *related to the 2014 cooling tower construction project for Proplant, Inc., and related to the manufacturing operation in Huntsville, Texas,* the evidence presented by the Plaintiffs at the hearing establishes that Defendants' actions were motivated by actual malice toward the Plaintiffs, such that the Defendants acted with evil motive, intent to injure, ill will, and/or fraud.

Maryland Judgment at 4 (emphasis added). As such, the findings were clearly in reference to both the Proplant Project and the Texas Activities. Thus, the findings of the Maryland Judgment are sufficient to establish that the Defendant's conduct was both willful and malicious with respect to the $496,975 award of compensatory damages.

### 3. Punitive Damages

The Defendant's final argument is that the $993,950 punitive award fails to satisfy the requirements of § 523(a)(6), because there are no findings that the $993,950 figure was awarded for willful and malicious injury. The Maryland Judgment simply states: "ORDERED that punitive damages shall be assessed against Defendants, jointly and severally, in favor of the Plaintiffs, in the amount of Nine Hundred Ninety-Three thousand Nine Hundred Fifty Dollars ($993,950)." Maryland Judgment at 4.

Under Maryland law, for punitive damages to be awarded, the finder of fact must determine that there was actual malice. *Nestorio*, 250 B.R. at 57 (citing *K & K Mgmt., Inc. v.*

*Lee,* 316 Md. 137, 175 (1989)), *aff'd* 5 Fed. Appx. 283 (4th Cir. 2001). As previously discussed, the requirements necessary to find actual malice under Maryland law are congruent with the requirements for finding willful and malicious injury for the exception to discharge under § 523(a)(6).[6] *Nestorio*, 250 B.R. at 58. As such, the findings of the Maryland Judgment are sufficient to establish that the Defendant's conduct was both willful and malicious with respect to the $993,950 award of punitive damages for purposes of § 523(a)(6).

## CONCLUSION

NOW, THEREFORE, FOR THE ABOVE STATED REASONS, IT IS HEREBY ORDERED that summary judgment is denied as to Counts I and II of the Plaintiffs' complaint due to there being genuine issues of material fact.

IT IS FURTHER ORDERED that summary judgment is granted as to Count IV of the Plaintiffs' complaint due to the collateral estoppel effect of the Maryland Judgment, and the $1,490,925 figure at issue is hereby deemed non-dischargeable pursuant to § 523(a)(6).[7]

[END OF DOCUMENT]

---

[6] In determining whether a punitive award is non-dischargeable under § 523(a)(6), the Court looks for the congruence between the standard used for awarding punitive damages and the statutory standard of § 523(a)(6). *Combs*, 838 F.2d at 117. In other words, a punitive award need not be tied to an underlying willful and malicious cause of action.

[7] While the Defendant contested that the issues of willfulness and maliciousness were actually resolved by the Maryland Court and that the Maryland Judgment was actually litigated, this Court finds that all five elements of collateral estoppel are satisfied. The issues are identical to those previously litigated in the Maryland Court, those issues being whether the Defendant willfully and maliciously injured the Plaintiffs in regards to both the $496,975 award of compensatory damages and the $993,950 award of punitive damages. The issues were actually resolved by the Maryland Court and reduced to findings in the Maryland Judgment. Those findings of willfulness and maliciousness were critical and necessary to the Maryland Judgment being awarded. The Maryland Judgment is final and valid and was affirmed by the Court of Special Appeals of Maryland. Finally, as previously discussed, the Maryland Judgment was actually litigated.

5

SERVICE LIST

Charles Augustus Peterson, Jr.
Debtor

Dirk Siegmund
Attorney for Debtor

Constance L. Young
Womble Bond Dickinson, LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202

Joshua A. Glikin
Bowie & Jensen, LLC
210 W. Pennsylvania Ave., Suite 400
Towson, MD 21204

Gerald S. Schafer
Trustee

William P. Miller
US Bankruptcy Administrator